No. 87.—THOMAS H. BROWN *v.* A. H. BROWN—J. W. WILSON, Administrator, etc., Intervenor.

Where the plaintiff claims to be the owner of a promissory note and sues for possession, and the intervenor, who claims to be the owner of the same note, alleges that the transfer of the note to plaintiff is fraudulent and simulated, the revocatory action by the intervenor is not necessary to enable him to show the simulated transfer to the plaintiff.

If the intervenor alleges ownership of the note in controversy, the additional allegation that the claim of ownership of the plaintiff is fraudulent and simulated, is not inconsistent therewith, such an allegation only raises the question of ownership between the plaintiff and intervenor.

APPEAL from the District Court, parish of Claiborne. *Egan, J.* *John Young*, for plaintiff and appellant. *J. D. Watkins*, for intervenor and appellee.

This case was before the Supreme Court in 1869, and remanded See 21 An. 461. It was tried the second time by a jury.

HOWE, J. It wil be seen by reference to 21 An., p. 461, that this cause was remanded to enable an issue to be joined upon the amended petition of intervention. In pursuance of this, the amended petition .

and accompanying citation were served on the plaintiff, T. H. Brown, who excepted that the intervenor had cumulated two separate, distinct and contrary demands in his amended petition, namely : "A demand to have the purchase of the note in controversy by T. H. Brown, the plaintiff, from L. C. Ferrell, decreed a simulation, and a demand to have the transfer of said note from L. C. Ferrell to plaintiff annulled, because made with the view and purpose of defrauding the creditors of Ferrell."

The court sustained this exception and ordered the intervenor to elect ; and the latter, after reserving a bill of exceptions to this ruling, and under protest, abandoned the allegations and averments of simulation, and prayed that the purchase by Brown be declared fraudulent and void and in fraud of creditors.

The cause was then tried before a jury who rendered a verdict for plaintiff, and from a judgment thereon the intervenor has appealed. We are of opinion that the court erred in its ruling upon the exception to compel the intervenor to elect. The plaintiff brought this suit to recover from A. H. Brown a note which he alleged to be his property. He made a simple allegation of ownership, without disclosing in any manner his title. The intervenor came in and alleged ownership in the estate he represents. Upon the first trial, it appearing from the testimony adduced by plaintiff, that the pretended transfer of the note from Ferrell to plaintiff, in virtue of which he claimed to be owner, was a gross simulation; the intervenor filed his amended petition, which was as follows :

" Petitioner alleges that the *pretended* purchase by Thomas H. Brown from L. C. Ferrell of the note in controversy, as first developed by evidence on the trial, was *simulated* and fraudulent on the part of both said Brown and Ferrell, and done collusively with the view and purpose of defrauding the creditors of said L. C. Ferrell, who was greatly embarrassed and insolvent, and petitioner adopting otherwise his original petition, prays for all orders necessary and general relief."

The design of this pleading was to enable the intervenor to introduce further evidence of simulation, and to notify the plaintiff to produce evidence to establish the reality of a sale, which at that point certainly presented the appearance of a *corpus sine anima*. No revocatory action was instituted. No demand was made to annul a real, but fraudulent and injurious contract, and therefore, in deciding this case last year we said that the intervenor had not changed the substance of his demand. It was still a demand as owner, fortified by the allegation that the simulated sale to T. H. Brown was a mere shadow on the title. There was but one demand, and it is impossible therefore that there could have been the cumulation complained of by plaintiff.

Without going further in the case we feel constrained to order a new trial, so that the case may be considered in the court below upon

the issue which the parties have made for themselves. It is an issue of ownership, and does not contain the elements of the revocatory action. See the authorities collected in Hennen's Digest, p. 1031, No. 1.

It is therefore ordered that the judgment appealed from be avoided and reversed, and the cause remanded for a new trial according to law, plaintiff to pay the costs of appeal.

Rehearing refused.